# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHERYL L. TOWNSON, Surviving Wife and
Heir-at-Law of SHAWN ERIK TOWNSON,

    Plaintiff,

v.

KAHN T. HUYNH, M.D.,

    Defendant.

Case No. 18-CV-2151-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Sheryl L. Townson filed this action as the heir-at-law of Shawn Erik Townson on April 4, 2018, and designated Kansas City, Kansas as the place of trial.[1] Defendant designated Wichita as the place of trial.[2] Before the Court is Plaintiff's Motion for Determination of Location for Trial (Doc. 12). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the motion is denied without prejudice.

Under D. Kan. R. 40.2: "The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[3] Under § 1404(a), the district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy,

---

[1] Doc. 3.

[2] Doc. 9.

[3] *See, e.g.*, *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

expeditious and economical."[4]  The burden of proving that the existing forum is inconvenient lies with the moving party.[5]  Although a plaintiff's forum choice "should rarely be disturbed,"[6] the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there.[7]

Plaintiff asks the Court to designate Kansas City as the place of trial because her choice of forum should receive deference, and because it would be more convenient for Defendant as a Chicago, Illinois resident to try the case in Kansas City.  Defendant contends that it is too early in the case to properly consider the convenience of witnesses factor.  However, if the Court does consider the merits of Plaintiff's motion, Defendant requests this Court designate Wichita as the place of trial because the events giving rise to this lawsuit occurred in Wichita and because Plaintiff is a resident of Wichita, not Kansas City, and thus her choice of venue receives little deference.  Although the parties have not yet begun discovery, Defendant believes most witnesses and documents are located in Wichita.  He argues further that purchasing a flight to Wichita is no more burdensome for him than a flight to Kansas City.  In fact, given Defendant's past ties to Wichita, he would prefer to travel there for trial.

Defendant is correct that because Plaintiff does not reside in Kansas City, her choice of forum receives little deference.  He is also correct that "[c]ourts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or

---

[4] *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[5] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[6] *Id.*

[7] *Benson*, 2007 WL 1834010, at *2; *see also Menefee*, 2009 WL 1313236, at *1.

significant connection to the plaintiff's chosen forum.'"[8]  The parties appear to agree that most witnesses in this matter are located in Wichita.  But Plaintiff responds that she wishes to incur the cost of these witnesses' travel to Kansas City for trial.

The Court agrees with Defendant that this motion is premature.  The parties are still in the pleading stage and discovery has not yet begun.  They have not even exchanged their initial witness lists, so the Court is unable to conduct a meaningful analysis as to the convenience for witnesses.  Thus, this motion is denied, without prejudice to refiling.  Either party may re-file a motion to determine place of trial after this case has progressed further; preferably, close to the dispositive motions deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Determination of Location for Trial (Doc. 12) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: July 23, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[8]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan.1993)).